IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

SHENZHEN YIGOUHUI
TECHNOLOGY CO., LTD.,

§
§
§
Plaintiff,                      § CIVIL ACTION NO.
§ 1:26-cv-02169
§
v.                              §
§ **JURY TRIAL DEMANDED**
AACRAFT, INC.,                  §
§
Defendant.                      §

**COMPLAINT FOR DECLARATORY JUDGMENT OF
NONINFRINGEMENT OF U.S. PATENT NO. 11,304,547**

Plaintiff Shenzhen Yigouhui Technology Co., Ltd. d/b/a Fenikara ("Plaintiff" or "Fenikara"), by and through its undersigned counsel, files this Complaint for Declaratory Judgment against Defendant Aacraft, Inc. ("Aacraft" or "Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for a declaratory judgment of noninfringement under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq. Plaintiff seeks a declaration that its picture hanging tool products do not infringe any claim of U.S. Patent No. 11,304,547 (the "'547 Patent"), which Defendant Aacraft, Inc. owns.

2. Defendant has twice caused Amazon.com to remove Plaintiff's product listings on the express assertion that those products infringe the '547 Patent. Plaintiff's listings remain suppressed, and Plaintiff's Amazon seller account remains subject to a recorded policy violation as a direct result of Defendant's accusations.

1

3. Plaintiff's products do not infringe the '547 Patent. Two limitations that appear in every independent claim of the '547 Patent are absent from Plaintiff's products: the claimed deck that is "extensible in length," and the claimed "push button ... to keep the deck compacted until the deck is extended." The Fenikara product has a one-piece body of fixed length, and it has no push button of any kind.

4. Defendant's sole remaining theory is the doctrine of equivalents, and that theory is foreclosed. The applicant obtained the '547 Patent only by amending every independent claim to add the extensibility and push button limitations the examiner had identified as the sole allowable subject matter. Prosecution history estoppel bars Defendant from recapturing the fixed-length, no-push-button scope it surrendered.

## THE PARTIES

5. Plaintiff Shenzhen Yigouhui Technology Co., Ltd. is a limited liability company organized and existing under the laws of the People's Republic of China, with its principal place of business in Shenzhen, Guangdong Province, People's Republic of China. Plaintiff does business under the brand name "Fenikara" and sells consumer products in the United States through the Amazon.com marketplace under Amazon Seller Identification Number A2HCBDP0ZL729Q.

6. On information and belief, Defendant Aacraft, Inc. is a corporation organized and existing under the laws of the State of Texas, Texas Secretary of State file number 0154332800, with a registered office and mailing address at 221 Buck Bend, Georgetown, Texas 78628. Its registered agent is Shari M. Hammond, at the same address.

7. On information and belief, Defendant is the owner of all right, title, and interest in the '547 Patent.

## JURISDICTION AND VENUE

8. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9. An actual controversy within the meaning of 28 U.S.C. § 2201(a) exists between Plaintiff and Defendant. Defendant has asserted the '547 Patent against four specifically identified Amazon listings offered by Plaintiff, has twice obtained the removal of those listings on that basis, and has caused a policy violation to be recorded against Plaintiff's seller account. Plaintiff has a real and reasonable apprehension of suit and has suffered and continues to suffer concrete injury traceable to Defendant's assertions of the '547 Patent.

10. This Court has personal jurisdiction over Defendant because Defendant is incorporated in the State of Texas and maintains its registered office in Georgetown, Texas.

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and § 1391(c)(2) because Defendant is a Texas corporation that resides in this District, where its registered office is located.

## FACTUAL BACKGROUND

### A. The '547 Patent

12. The '547 Patent is entitled "Apparatus and Method for Hanging a Picture." It issued on April 19, 2022 from U.S. Application No. 17/518,803 (the "'803 Application"), filed November 4, 2021. A true and correct copy of the '547 Patent is attached as Exhibit A.

13. The '547 Patent contains ten claims, of which claims 1, 5, and 8 are independent.

14. Claim 1 of the '547 Patent recites:

3

*An apparatus comprising: a deck having a front side, a back side, a top end, and a bottom end; a turret mounted on a top end of the deck, wherein the turret protrudes from the top end of the deck and the turret is gripped by a user as a handle while hanging a picture on a wall using the apparatus; a hook attached to the front side of the deck for hanging a picture frame from a wire on a back of the picture frame; a hole through the deck for aligning a push pin to pass through the hole and mark a location for an anchor from which the picture frame hangs, wherein the deck has a top end and a bottom end and is extensible in length, increasing a distance between the top end and the bottom end of the deck; a push button attached to a point between the top end of the deck and the bottom end of the deck, to keep the deck compacted until the deck is extended; a flat key removably attached to the front side of the deck, wherein the flat key having a first end narrower and a second wider end; wherein the push pin is formed on the flat key, the punch pin having a sharp end and a flat end, wherein the flat end of the push pin is attached to the first end of the flat key; and a flat magnet surrounding the flat end of the push pin, removably attached to the front side of the deck, wherein the flat magnet keeps the push pin in place in a metal v-notch hanger on a back side of a picture frame while a user levels a top edge of the picture frame so that the top edge of the picture frame is parallel to horizontal while a user presses on a front side of the picture frame pressing the sharp end of the push pin into a wall for marking hanger locations on the wall for hanging the picture frame so that the top of the picture frame is parallel to horizontal.*

15. Claim 8, an apparatus claim, recites the same deck, turret, hook, through-hole, extensible deck, and push button limitations as claim 1, but omits the flat key, punch pin, and flat magnet limitations.

16. Claim 5, a method claim, recites steps that include "increasing a distance between the top end and the bottom end of the deck wherein the has a top end and a bottom end and is extensible in length," "extending a distance between the turret and the hook attached to the front side of the deck so that the turret extends beyond a top edge of the picture frame," and "keeping the deck compacted until the deck is extended using a push button attached to a point between the top end of the deck and the bottom end of the deck."

4

17. Every independent claim of the '547 Patent therefore requires both (a) a deck that is extensible in length, such that the distance between the top end and the bottom end of the deck increases, and (b) a push button attached between the top end and the bottom end of the deck that keeps the deck compacted until the deck is extended.

## B. Prosecution of the '547 Patent

18. The '803 Application was filed with fourteen claims. As originally filed, independent claim 1 was directed to the flat key, punch pin, and flat magnet alone. Original independent claim 5 recited a method of pressing a deck against a wall, hanging a picture frame from a wire on a hook, supporting the deck and the picture frame from a turret gripped as a handle, sticking a push pin through a hole through the deck, and marking an anchor location. Original independent claim 11 recited an apparatus comprising a deck, a protruding turret gripped as a handle, a hook, and a hole through the deck. No original independent claim required a deck extensible in length or a push button. The extensibility features appeared only in dependent claims 8, 9, and 14, and the push button only in dependent claims 10 and 14. True and correct copies of excerpts from the prosecution history of the '803 Application, including the original claims, the January 18, 2022 Office action, the February 11, 2022 response, and the March 9, 2022 Notice of Allowance, are attached as Exhibit B.

19. In a non-final Office action mailed January 18, 2022, the examiner rejected claims 1 through 9 and 11 through 13. The examiner found original claims 1 and 2 anticipated under 35 U.S.C. § 102(a)(2) by U.S. Patent No. 5,398,906 (Aydelott), and original independent claims 5 and 11, with certain dependent claims, anticipated under § 102(a)(2) by U.S. Patent No. 6,971,184 (Prevost). As to original claims 5 and 11, the examiner found that Prevost disclosed every

limitation, including the deck, the turret that protrudes from the top end of the deck and is gripped by a user as a handle, the hook, and the hole through the deck for aligning a push pin. The examiner further rejected dependent claims 8 and 9, which added the extensibility features to claim 5, as obvious under 35 U.S.C. § 103 over Prevost in view of U.S. Patent No. 6,000,142 (Deaton), finding that Deaton taught a deck that is extensible in length, increasing a distance between the top end and the bottom end of the deck.

20. In the same Office action, the examiner objected to dependent claims 10 and 14, the only claims reciting the push button, stating that each "would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims." The examiner's accompanying statement of reasons for allowance identified the push button limitation as the basis: for claim 10, that "the prior art does not disclose or suggest a method comprising keeping the deck compacted until the deck is extended using a push button attached to a point between the top end of the deck and the bottom end of the deck in combination with the remaining limitations of the claims," and for claim 14, that the prior art does not disclose or suggest "an apparatus comprising a push button attached to a point between the top end of the deck and the bottom end of the deck, to keep the deck compacted until the deck is extended in combination with the remaining limitations of the claims."

21. On February 11, 2022, the applicant responded by narrowing every independent claim to incorporate that allowable subject matter. The applicant amended claim 1 to add the deck, turret, hook, and through-hole limitations together with the extensibility and push button limitations; amended claim 5 to add the steps of increasing the distance between the top end and the bottom end of the deck, extending the distance between the turret and the hook so that the turret extends beyond a top edge of the picture frame, and keeping the deck compacted

6

until the deck is extended using a push button; and amended claim 11 to add the extensibility and push button limitations. The applicant's remarks stated that the claims had "been amended to recite the allowable subject matter" from claims 10 and 14.

22. On February 22, 2022, by an examiner's amendment authorized in a telephone interview with the applicant's counsel of record, dependent claims 8, 9, 10, and 14 were canceled as having been incorporated into the independent claims.

23. The examiner then allowed claims 1 through 7 and 11 through 13 in a Notice of Allowance mailed March 9, 2022. The Examiner's Statement of Reasons for Allowance recites, for each group of allowed claims, that the prior art does not disclose or suggest the claimed combination including the push button limitation: for application claims 1 through 4, "a push button attached to a point between the top end of the deck and the bottom end of the deck, to keep the deck compacted until the deck is extended in combination with the remaining limitations of the claims"; for application claims 5 through 7, "keeping the deck compacted until the deck is extended using a push button attached to a point between the top end of the deck and the bottom end of the deck in combination with the remaining limitations of the claims"; and for application claims 11 through 13, "a push button attached to a point between the top end of a deck ang the bottom end of the deck, to keep the deck compacted until the deck is extended in combination with the remaining limitations of the claims." Application claims 11 through 13 issued as claims 8 through 10 of the '547 Patent.

24. The applicant thus obtained the '547 Patent only by narrowing every independent claim, for reasons of patentability, to require a deck that is extensible in length and a push button that keeps the deck compacted until the deck is extended. In doing so, the applicant surrendered coverage of picture hanging tools having the configuration of original claims 5 and 11 without an extensible deck or a

7

push button, the very scope the examiner had found unpatentable over Prevost and Deaton.

### C. Plaintiff's Products

25. Plaintiff sells a consumer picture hanging tool under the Fenikara brand through the Amazon.com marketplace. The products at issue are offered under Amazon Standard Identification Numbers B0G7BKPVNB, B0G7BKFQ5Z, B0GL2BBF3C, and B0GL2B2V85 (collectively, the "Fenikara Products").

26. The Fenikara Product has an elongated, one-piece body of fixed length. The body does not telescope, slide, extend, or otherwise separate into sections. The distance between the top end and the bottom end of the body cannot be increased. The body is the same length in every configuration of the product.

27. The Fenikara Product has a handle that folds against the body for storage and is unfolded for use by rotating it about a hinge. The handle is retained in the folded position by the friction of the hinge itself. The Fenikara Product has no push button. It has no snap latch, no push-actuated release, and no other discrete actuator of any kind. Unfolding the handle does not change the length of the body.

### D. Defendant's Assertions of the '547 Patent Against Plaintiff

28. On or about April 23, 2026, Amazon notified Plaintiff that it had removed Plaintiff's listings for ASINs B0G7BKPVNB and B0G7BKFQ5Z. The notice identified the infringement type as "UtilityPatent," identified the intellectual property asserted as "US 11,304,547 B2," assigned Complaint ID 19650000891, and identified the rights owner as "Shari Hammond" at the email address shari@inspiredpdg.com. A true and correct copy of that notice is attached as Exhibit C.

29. On or about July 14, 2026, Amazon notified Plaintiff that it had removed Plaintiff's listings for ASINs B0GL2BBF3C and B0GL2B2V85. That notice

identified the infringement type as "Patent," identified the intellectual property asserted as "US 11,304,547," assigned Complaint ID 21111443231, and identified the rights owner as "Go Hang It!" at the email address shari@inspiredproducts.com. A true and correct copy of that notice is attached as Exhibit D.

30. On information and belief, both complaints to Amazon were submitted by or at the direction of Defendant, the owner of the '547 Patent, acting through Shari M. Hammond, who is Defendant's president, a director of Defendant, Defendant's registered agent, and the named inventor of the '547 Patent. A true and correct copy of Defendant's Texas Comptroller Franchise Tax Account Status record is attached as Exhibit E.

31. Amazon's notices state that one of the documents Amazon will accept to reactivate the listings is "[a] court order stating you are allowed to sell the products and hence are not violating Amazon policy for each of the listings mentioned in the deactivation notification."

32. Defendant's assertions have caused and continue to cause Plaintiff concrete and ongoing harm, including the loss of four Amazon listings, lost sales, a recorded policy violation against Plaintiff's seller account, and the risk of deactivation of that account.

## COUNT I

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 11,304,547

33. Plaintiff repeats and realleges the allegations of paragraphs 1 through 32 as if fully set forth herein.

34. Plaintiff has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '547 Patent, and has not induced or contributed to any infringement of any claim of the '547 Patent.

35. The following chart quotes, verbatim from the '547 Patent, the extensibility and push button limitations of each independent claim, and states the corresponding features of the Fenikara Products:

| Limitation of the '547 Patent (Quoted Verbatim) | The Fenikara Products |
|---|---|
| **Claims 1 and 8:** *"wherein the deck has a top end and a bottom end and is extensible in length, increasing a distance between the top end and the bottom end of the deck"* | **Not present.** The body of the Fenikara Products is one piece and fixed in length; the distance between its top end and its bottom end cannot be increased. |
| **Claim 5:** *"increasing a distance between the top end and the bottom end of the deck wherein the has a top end and a bottom end and is extensible in length"* and *"extending a distance between the turret and the hook attached to the front side of the deck so that the turret extends beyond a top edge of the picture frame"* | **Not performed.** The body cannot be lengthened, and the distance between the handle and the hook cannot be extended. |
| **Claims 1 and 8:** *"a push button attached to a point between the top end of the deck and the bottom end of the deck, to keep the deck compacted until the deck is extended"* | **Not present.** The Fenikara Products have no push button; the folding handle is retained by the friction of its hinge alone. |
| **Claim 5:** *"keeping the deck compacted until the deck is extended using a push button attached to a point between the top end of the deck and the bottom end of the deck"* | **Not performed.** There is no push button to actuate. |

36. Because the Fenikara Products lack each limitation shown above, they do not literally infringe claim 1, 5, or 8 under the all-elements rule. Because no user of the Fenikara Products can perform the increasing, extending, or push button steps of claim 5, no one directly infringes claim 5, and Plaintiff cannot be liable for inducing or contributing to infringement of it.

37. *Prosecution history estoppel bars the doctrine of equivalents.* The extensibility and push button limitations entered every independent claim through

10

the February 11, 2022 narrowing amendment, made to overcome prior-art rejections and to incorporate the only subject matter the examiner had identified as allowable. A narrowing amendment made for a reason substantially related to patentability presumptively surrenders all territory between the original claim and the amended claim. The presumption applies with full force where, as here, the applicant secures allowance by rewriting allowable dependent claims into the independent claims and canceling the broader claims. A picture hanging tool with a fixed-length body and no push button lies squarely within the surrendered territory: original claims 5 and 11 covered exactly such a tool, and the applicant gave up that scope after the examiner found it anticipated by Prevost.

38. *Defendant cannot rebut the presumption of surrender.* The rationale of the February 11, 2022 amendment was not tangential to the accused products; it is directly about them. The applicant added the extensibility and push button limitations to distinguish prior art, exemplified by Prevost, that disclosed the same deck, handle, hook, and through-hole configuration without an extensible deck or a push button. That is the very configuration Defendant now accuses. Nor was the asserted equivalent unforeseeable: fixed-length tools were the prior art itself, and the examiner cited Deaton as teaching extensible decks, so the difference between extensible and non-extensible tools, and between push-button retention and other retention, was squarely foreseeable at the time of the amendment. No recognized rebuttal avenue is available.

39. *The doctrine of equivalents cannot ensnare the prior art.* A patentee may not obtain under the doctrine of equivalents coverage that it could not lawfully have obtained from the Patent and Trademark Office by literal claims. Defendant's equivalents theory would extend the claims to cover picture hanging tools having a deck, a handle, a hook, and through-holes but no extensible deck and no push button. The examiner found precisely that subject matter anticipated by Prevost or

11

obvious over Prevost in view of Deaton. The asserted scope of equivalents would therefore ensnare the prior art and is barred as a matter of law.

40. *Vitiation and the all-elements rule independently bar the doctrine of equivalents.* Treating a body whose length never changes as the equivalent of a deck that "is extensible in length, increasing a distance between the top end and the bottom end of the deck" would read the extensibility limitation out of the claims entirely. Treating hinge friction as the equivalent of a "push button" would likewise vitiate that limitation. No reasonable factfinder could find the differences insubstantial.

41. *Additional grounds of noninfringement.* Plaintiff further alleges, in the alternative and without limiting the foregoing, that the Fenikara Products do not satisfy the "turret ... protrudes from the top end of the deck" limitation, the "hook attached to the front side of the deck" limitation as construed in light of the specification, or the "hole through the deck for aligning a push pin" limitation, of claims 1, 5, and 8. Plaintiff reserves the right to develop these and other grounds of noninfringement following claim construction and discovery.

42. *No infringement of the dependent claims.* Claims 2, 3, and 4 depend from claim 1. Claims 6 and 7 depend from claim 5. Claims 9 and 10 depend from claim 8. Because the Fenikara Products do not infringe claims 1, 5, or 8, they cannot infringe any claim that depends from those claims.

43. Plaintiff is entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that the Fenikara Products, and Plaintiff's making, using, selling, offering for sale, and importation of them, do not infringe any claim of the '547 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

12

A. Declaring that Plaintiff and the Fenikara Products have not infringed and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of U.S. Patent No. 11,304,547;

B. Enjoining Defendant, and its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, from asserting or threatening to assert U.S. Patent No. 11,304,547 against Plaintiff, against Plaintiff's customers or distributors, or against any online marketplace with respect to the Fenikara Products;

C. Ordering Defendant to withdraw Amazon Complaint ID 19650000891 and Amazon Complaint ID 21111443231, and to take all steps within its control to cause the reinstatement of Plaintiff's listings for ASINs B0G7BKPVNB, B0G7BKFQ5Z, B0GL2BBF3C, and B0GL2B2V85;

D. Declaring this an exceptional case under 35 U.S.C. § 285 and awarding Plaintiff its reasonable attorney fees;

E. Awarding Plaintiff its costs of suit; and

F. Granting Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 5, 2026

Respectfully submitted,

/s/ Tao Liu

Tao Liu
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
Telephone: (212) 937-9999
Email: tao.liu@glacier.law

Counsel for Plaintiff Shenzhen Yigouhui
Technology Co., Ltd. d/b/a Fenikara

13